## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

TEN G, LLC                                              CIVIL ACTION

VERSUS                                                  NO. 22-4426

CERTAIN UNDERWRITERS AT                                 SECTION: D (5)
LLOYD'S, LONDON, ET AL.

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B).[1]  Plaintiff seeks certification to pursue interlocutory appellate review of the portion of this Court's July 25, 2023 Order and Reasons wherein the Court held that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards compels arbitration of Plaintiff's claims for bad faith penalties under Louisiana law because they fall within the scope of the arbitration clause entered into between the parties.[2]  Defendants oppose the Motion.[3]  The Motion was set for submission on October 17, 2023, and is therefore ripe for determination.

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

## I.    LAW AND ANALYSIS

The Court may certify an interlocutory order for immediate appeal if it finds that: (1) the order involves a controlling question of law; (2) as to which there is

---

[1] R. Doc. 23.
[2] *Id*. at p. 1 (*citing* R. Doc. 22).
[3] R. Doc. 28.

substantial ground for difference of opinion; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[4] The Fifth Circuit strictly construes the requirements of 28 U.S.C. § 1292(b), and all three criteria must be met before this Court may certify an interlocutory appeal.[5] According to the Fifth Circuit, "The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals.  Section 1292(b) appeals are "exceptional."[6]  Thus, "An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment of liability."[7]  Further, "Interlocutory appeals represent a rarely used exception to the strong judicial policy disfavoring piecemeal appeals."[8]  "The decision to certify an interlocutory appeal is within the sound discretion of the district court."[9]

The Court finds that Plaintiff has failed to make the required showing under 28 U.S.C. § 1292(b) to warrant certification of an interlocutory appeal of the Court's July 25, 2023 Order and Reasons, as Plaintiff's Motion merely repeats arguments that have already been discussed and rejected by the Court.  Regarding the first requirement for certification, the Court finds that Plaintiff has failed to show that the Court's July 25th Order and Reasons involves a controlling question of law. Plaintiff offers only conclusory assertions that the Court's rejection of Plaintiff's

---

[4] 28 U.S.C. § 1292(b).

[5] *Weams v. FCA US L.L.C.*, Civ. A. No. 17-4-RLB, 2019 WL 3812222, at *1 (M.D. La. July 9, 2019) (Bourgeois, M.J.) (citing *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972)).

[6] *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

[7] *Id.* at 68.

[8] *Complaint of L.L.P.&D Marine, Inc.*, Civ. A. Nos. 97-1668, 97-2992, 97-3349, 1998 WL 113937, at *2 (E.D. La. Mar. 11, 1998) (Clement, J.) (citing *Clark-Dietz*, 702 F.2d at 69).

[9] *Complaint of L.L.P.&D Marine, Inc.*, 1998 WL 113937 at *2 (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)).

argument that its bad faith claims do not fall within the scope of the applicable arbitration clause is a controlling question of law.[10]   As Defendants point out, however, to constitute a controlling question of law for purposes of § 1292(b), the question "must be a *pure question of law*; permissive interlocutory appeals are not proper for determinations that involve application of law to fact."[11]   Other courts in this Circuit have held that whether a dispute falls within the scope of an arbitration clause is not a "controlling question of law" for purposes of certification under § 1292(b).[12]   This Court agrees.   Whether Plaintiff's statutory bad faith claims fall within the scope of the arbitration clause at issue is not a controlling question of law, and instead involves the application of law to the facts of this case.   Further, "a question of law is controlling if reversal would terminate the litigation,"[13] which is not the case here.   At best, reversal would return the parties back to the starting point of this litigation, as a scheduling order has yet to be issued in this case.   Thus,

---

[10] R. Doc. 23-1 at pp. 5-6.

[11] *Anderson v. Jackson*, Civ. A. No. 06-3298, 2007 WL 4414479, at *4 (E.D. La. Dec. 14, 2007) (Lemelle, J.) (quoting *La. Patients' Compensation Fund Oversight Bd. V. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir. 2005)) (emphasis in original).   *See*, R. Doc. 28 at p. 4.

[12] *See, Barker v. Halliburton Co.*, Civ. A. No. H-07-2677, 2008 WL 536640, at *2 (S.D. Tex. Feb. 27, 2008) (Miller, J.) ("In this case, the questions raised by the Barkers-whether the arbitration clause is valid and whether the dispute falls under the arbitration clause-are not controlling questions of law under § 1292(b).   These are not abstract legal issues, but rather questions of law as applied to the facts of this case."); *Dustrol, Inc. v. Champagne-Webber, Inc.*, Civ. A. No. 3:01–CV–0650–G, 2002 WL 122500, at *2 (N.D. Tex. Jan. 24, 2002) (Fish, C.J.) ("Specifically, these two issues are '(1) whether the arbitration clause on which Champagne-Webber relies actually covers the controversy giving rise to Champagne-Webber's claims against Dustrol, and (2) whether Champagne-Webber's conduct, particularly its filing of the identical claims against Dustrol in state court without invoking the arbitration clause, constituted a waiver of any right to arbitrate.' [] The court finds neither of these grounds is substantial enough to warrant certification under § 1292(b), particularly in light of the fact that Dustrol's motion for certification simply repeats arguments that already have been discussed and rejected by the court.").

[13] *Mosaic Underwriting Service, Inc. v. Moncla Marine Operations, LLC*, Civ. A. No. 12-2183, 2013 WL 2903083, at *9 (E.D. La. June 12. 2013) (Feldman, J.) (citing *McAuslin v. Grinnell Corp.*, Civ. A. No. 97-775, 2000 WL 1251966, at *2 (E.D. La. Sept. 5, 2000) (Vance, J.)).

the Court finds that Plaintiff has failed to satisfy the first requirement for certification under § 1292(b).

Even if the Court found that the question presented for certification was a "controlling question of law," Plaintiff has failed to show that there exist substantial grounds for difference of opinion as to that controlling question of law. As Defendants correctly point out, Plaintiff merely disagrees with the portion of the Court's July 25, 2023 Order and Reasons in which the Court determined that Plaintiff's bad faith claims fall within the scope of the applicable arbitration clause, which is insufficient to establish that there is a substantial ground for a difference of opinion.[14]

As explained by another Section of this Court, "A substantial ground for difference of opinion exists if the circuits are in dispute on the question and the Court of Appeals of the circuit [encompassing the district court] has not spoken on the point . . . or if novel and difficult questions of first impression are presented."[15] Plaintiff has failed to direct the Court to any dispute between the circuits regarding whether its bad faith claims fall within the scope of the arbitration clause at issue. Instead, Plaintiff asserts that, "whether the Convention compels arbitration of penalty and bad-faith claims is [sic] purely legal and controlling issue that appears to be *res nova* in the Fifth Circuit."[16] Plaintiff then merely asserts that, "There is a substantial

---

[14] *See, Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) ("Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation.").

[15] *Fairfield Royalty Co. v. Island Operating Co., Inc.*, Civ. A. No. 10-3446, 2011 WL 6140665, at *2 (E.D. La. Dec. 9, 2011) (Lemelle, J.) (quoting *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2011 WL 2443693 (E.D. La. 2011) (Fallon, J.)) (internal quotation marks omitted).

[16] R. Doc. 23-1 at p. 6.

ground for difference of opinion because the legal basis for the Court's July 25, 2023 ruling is not directly supported by any Fifth Circuit decision."[17]  Plaintiff points out that in its July 25, 2023 Order and Reasons, this Court relied upon *Figear, LLC v. Velocity Risk Underwriters Claims*, a case in which another Section of this Court rejected the same argument made by Plaintiff in this case.[18]  Plaintiff asserts that the plaintiff in *Figear* appealed that decision, but the appeal was dismissed as moot when the parties reached a settlement.[19]  Plaintiff argues that because the appeal was dismissed, "the Fifth Circuit did not have the opportunity to speak to, resolve, and provide much needed guidance on this unquestionably important question of law."[20]

Plaintiff's arguments are misplaced.  As explained in the Court's July 25, 2023 Order and Reasons, the Fifth Circuit has held that, "A presumption of arbitrability exists requiring that whenever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration."[21]  The Court also pointed out in its July 25, 2023 Order and Reasons that at least four other Sections of this Court and a Section of the Middle District of Louisiana have concluded that bad faith claims fall within the scope of a broad

---

[17] R. Doc. 23-1 at p. 6.

[18] R. Doc. 23-1 at p. 6 (citing *Figear*, Civ. A. No. 22-1094, 2022 WL 2812980, at *2 (E.D. La. July 18, 2022) (Fallon, J.)).

[19] R. Doc. 23-1 at p. 6.

[20] *Id*. at p. 7.

[21] R. Doc. 22 at p. 9 (citing *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane*, 773 F.2d 633, 635-36 (5th Cir. 1985) (citing *United Steelworkers of America v. Warrior & Gulf Navigational Co.*, 363 U.S. 574, 583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960)); *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex)*, 767 F.2d 1140, 1145 (5th Cir. 1985) (citing authority) ("Thus, as a general rule, whenever the scope of an arbitration clause is in question, the court should construe the clause in favor of arbitration.")).

arbitration clause, like the arbitration clause at issue in this case, and have compelled arbitration of bad faith claims.[22]  As such, the Court finds that Plaintiff has failed to satisfy the second requirement for certification under 28 U.S.C. § 1292(b).

Because the Court has determined that Plaintiff has failed to show two of the three criteria that must be met before the Court may certify an interlocutory appeal under 28 U.S.C. § 1292(b), Plaintiff's Motion must be denied.  The Court need not address the third requirement that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

## II.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B)[23]  is **DENIED**.

New Orleans, Louisiana, November 30, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[22] R. Doc. 22 at pp. 14-16 (citing *Figear*, Civ. A. No. 22-1094, 2022 WL 2812980 at *2-3; *STMB Properties, LLC, v. Certain Underwriters at Lloyd's London,* Civ. A. No. 22-2229, 2022 WL 3924313, at *2-3 (E.D. La. Aug. 31, 2022) (Africk, J.); *Georgetown Home Owners Association, Inc. v. Certain Underwriters at Lloyd's, London*, Civ. A. No. 20-102-JWD-SDJ, 2021 WL 359735 at *15 (M.D. La. Feb. 2, 2021) (deGravelles, J.); *Olsen Securities Corp. v. Certain Underwriters at Lloyd's London*, Civ. A. No. 22-3120, 2023 WL 405437, at *6 (E.D. La. Jan. 25, 2023) (Brown, C.J.); *City of Kenner v. Certain Underwriters at Lloyd's London*, Civ. A. No. 22-2167, 2022 WL 16961130, at *3 (E.D. La. Nov. 16, 2022) (Vance, J.).
[23] R. Doc. 23.